**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD CASTELLUCCIO,**

                **Plaintiff,**

v.                                                     1:17-CV-190

**UNITED STATES OF AMERICA,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I.    INTRODUCTION

Plaintiff commenced this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (FTCA), asserting a claim of negligence against the United States. *See* Am. Compl., ECF # 58. Plaintiff asserts that United States Postal Service (USPS) employee Dawn Marie Mazzuca parked her USPS vehicle in Plaintiff's driveway while making a postal delivery at Plaintiff's residence in Amsterdam, NY. He asserts that at approximately the same time, he parked his vehicle in his driveway, and that Ms. Mazzuca, "without warning and without looking, put her vehicle in reverse and backed the vehicle into the front of the plaintiff's car, causing it to strike the plaintiff and seriously injure him." Am. Compl. ¶ 9. He now moves for partial summary judgment on liability. *See* ECF # 51. The government opposes the motion. ECF # 62.

### II.    DISCUSSION

On this motion for summary judgment, the Court confines its review to the properly

1

supported facts asserted in the parties' Local Rule 7.1(a)(3) statements. *See Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)(The Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out.")(internal quotation marks and citations omitted); *Johnson v. Wigger*, No. 9:07-CV-0024 (FJS/GHL), 2009 WL 2424186, at *2 (N.D.N.Y. Aug. 5, 2009)("Facts that are not in the Statement of Material Facts need not be considered.")(citing *Monahan*, 214 F.3d at 292); *Capitol Records, LLC v. Escape Media Grp., Inc.*, No. 12-CV-6646 (AJN), 2015 WL 1402049, at *36 n.17 (S.D.N.Y. Mar. 25, 2015)("The Court is under no obligation to sift through evidence that is not cited specifically to support a fact proposed in a statement of material facts."). Plaintiff's Local Rule 7.1(a)(3) Statement of Material Facts states merely that at the relevant time and place, "as the plaintiff began to get out of his vehicle, [USPS employee] Dawn Marie Mazzuca put her [USPS] vehicle in reverse and backed the vehicle into the front of plaintiff's car [that he had parked behind the USPS vehicle] causing the plaintiff to fall to the ground." ECF # 51-13, ¶¶ 1-6.

Plaintiff has not established a prima facie basis for partial summary judgment on liability because Plaintiff's proposed undisputed material facts do not establish that Ms. Mazzuca was negligent. Defendant's liability under the FTCA is determined based on "the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), which in this case is New York. To prove negligence under New York law, a plaintiff must demonstrate the following: (1) the defendant owed the plaintiff a duty of care as a matter of law; (2) the defendant breached that duty; and (3) the plaintiff suffered damages as a proximate result

of the breach. *See Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998).

    Plaintiff asserts that negligence is established under New York Vehicle and Traffic Law § 1211(a). This provides that a "driver of a vehicle shall not back the same unless its movement can be made with safety and without interfering with other traffic." Thus, to determine whether a driver breached that statutory duty, a court must look "not only at the outcome" of the driver's actions, but also whether the driver "failed to act 'with safety,' the standard set forth in . . . [§] 1211(a)." *Goldfinger v. United States*, No. 15-CV-1045 (DLI)(PK), 2017 WL 9482095, at *2 (E.D.N.Y. Feb. 23, 2017), *report and recommendation adopted*, 2017 WL 1214462 (E.D.N.Y. Mar. 31, 2017); *see also Diaz v. Grullon*, No. 242112015, 2018 WL 4182530, at *1 (N.Y. Sup. Ct. July 02, 2018) (concluding that § 1211(a) "rejects explicitly any per se reading [of negligence when backing] when it states that a driver shall not back up [unless] 'such movement can be made with safety and without interfering with other traffic'"). Generally, "the mere fact that a pedestrian is injured raises no presumption of negligence." *Goldfinger*, 2017 WL 9482095, at *2 (quoting *Perez v. United States*, No. 91-CV-5428 (BN), 1993 WL 149055, at *2 (S.D.N.Y. May 5, 1993)). Similarly, "an accident that occurs while a driver is moving a vehicle backward is not necessarily the result of negligence." *Id.* A driver is negligent only if the record demonstrates that she did not act "with safety" in backing the vehicle. *See id.; People v. Rivera*, 992 N.Y.S.2d 160 (Table), 2014 WL 2178886, at *1 (2d Dep't May 9, 2014) ("[U]pon reviewing the record, we find that the verdict of guilt of unsafe backing was against the weight of the evidence, as the People did not establish that the backward movement of defendant's vehicle was not 'made with safety' and 'interfer[ed] with other traffic.'")(quoting

New York Vehicle and Traffic Law § 1211(a)).

Plaintiff's proposed undisputed facts fail to establish that Ms. Mazzuca did not act "with safety" when reversing the postal truck. *See* Dkt. 51-13. Further, Plaintiff notes in his memorandum of law that Ms. Mazzuca testified that, after delivering a package to Plaintiff's residence and getting back in her vehicle, she checked the left mirror, right mirror and back rear mirror. She then put her keys in the ignition, checked her mirrors again, started the vehicle, engaged the truck and started to back up. She did not see anything behind her when she checked her mirrors. ECF # 51-12, at 5 (citing Ex. "H", pp. 40-41). At the very least, a question of material fact exists as to whether Ms. Mazzuca was negligent when she back the USPS vehicle into Plaintiff's vehicle.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for partial summary judgment, ECF # 51, is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2020

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge